Meagher, J.
Background
Plaintiff-Appellant Robert D. Aquilino (the “Appellant”) brought this action against Defendant-Appellee East Boston Savings Bank (the “Appellee”) in connection with injuries sustained by the Appellant in an automobile accident on or about December 22,1994 on the Appellee’s premises. The Appellant alleged in his complaint that as a result of the Appellee’s failure to maintain its parking lot in a reasonably safe condition, the Appellant collided with a pole in the parking lot and sustained personal injuries. The Appellant further alleged that the Appellee’s negligence was the cause of a defective and/or dangerous condition in the pole.
The Appellant testified in his deposition that as he drove his car through the Appellee’s drive-up window, the morning sun blinded him. The Appellant further testified that when he turned his head away from the sun, he collided with one or two poles approximately five feet in height in the same area as the drive-up window. The Appellant also stated in his answers to interrogatories that in the year preceding this incident, he had been on the Appellee’s premises many times.
On April 17, 1998, the Appellee filed a motion for summary judgment. In support of its motion, the Appellee filed affidavits and a memorandum of law. The Appellant filed a memorandum of law in opposition to the Appellee’s motion. After a hearing, the motion judge allowed the Appellee’s motion on May 19,1998.
For the reasons stated herein, we affirm the motion judge’s decision and dismiss the Appellant’s appeal.
Discussion
A grant of summary judgment is appropriate where there are no genuine issues of material fact and tide moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass R. Civ. P., Rule 56(c), 365 Mass. 824 (1974). The moving party assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Highlands Ins. Co. v. Aerovox Inc., supra; Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts that would establish the existence of a genuine issue of material fact for trial. Pederson v. Time, Inc., supra; Mass R. Civ. P., Rule 56(e), 365 Mass. 825 (1974). Although the material supplied by the moving party in support of its motion need not disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, it must demonstrate that proof of that element at trial is unlikely to be forthcoming. Highlands Ins. Co. v. Aerovox Inc., supra; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). Once the defendant meets its burden, the burden shifts to the plaintiff to *114 demonstrate with admissible evidence the existence of a dispute as to material facts. Kourouvacilis v. General Motors Corp., supra at 711.
We acknowledge at the outset that in negligence actions, there is a reluctance to grant summary judgment. Manning v. Nobile, 411 Mass. 382, 388 (1991); Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 719-20 (1998). It is appropriate, however, when “’no rational view of the evidence warrant[s] a finding that the defendant was negligent.’” Bergendahl v. Massachusetts Elec. Co., supra at 720, quoting Young v. Atlantic Richfield Co., 400 Mass. 837, 841-42 (1987), cert. denied, 484 U.S. 1066 (1988). The Appellant asserts that there is a genuine dispute as to whether the position of the pole with which he collided created a dangerous condition on the Appellee’s premises because of the sun’s glare on the pole. The Appellant also argues that the Appellee’s failure to obtain a permit from the City of Boston prior to the installation of the pole created an inference that the pole was installed in an unsafe location on the Appellee’s premises. Lastly, the Appellant contends that the Appellee knew of the dangerous condition of the pole because of a prior accident involving the same pole.
The Appellee counters that other than the fact of the Appellant’s collision with the pole, the Appellant has no evidence to prove whether the pole created a dangerous condition. The Appellee also argues that the Appellant’s failure to obtain a permit from the City of Boston is irrelevant in the absence of some specific evidence linking the failure to obtain a permit to a violation of some safety regulation. In addition, the Appellee also asserts that the Appellant’s alleged installation of reflectors on the pole after the Appellant’s accident is irrelevant because evidence of such post accident improvements is not admissible to prove negligence. Lastly, the Appellee points out that the Appellant’s evidence of prior accidents consists only of unsupported speculation and allegations of which the Appellant has no personal knowledge.
On this summary judgment record, the Appellant has provided nothing that would create a genuine issue of material fact with respect to the Appellee’s negligence. Through the affidavit of its Security Officer and Director of Facilities (the “Bank Affidavit”), the Appellee established that the only other accident involving the pole that occurred prior to the Appellant’s accident was one in which the driver admitted that she was at fault and filed no complaint against the Appellee. The burden then shifted to the Appellant to demonstrate with admissible evidence the existence of a dispute as to whether the Appellee knew of the dangerous condition of the pole because of a prior accident. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The Appellant did not provide any such evidence. The Appellant did not respond to the Appellee’s motion for summary judgment and accompanying affidavits with expert testimony, affidavit or other evidence to support the allegations in the complaint. Unsupported allegations of prior accidents involving the same pole, in the absence of any specifics regarding the circumstances of those accidents and the degree of the Appellee’s fault in connection therewith, are insufficient to defeat the Appellee’s motion for summary judgment. See Cullen Enter., Inc. v. Massachusetts Property Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987) (“Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.”).
Although the Appellee had not obtained a permit for the pole from the City of Boston at the time of the accident, the Appellee established through the Bank Affidavit that several months after the Appellant’s accident, the Inspectional Services Department of the City of Boston approved the Appellee’s plot plan and issued no citations for any unsafe conditions. The approved plot plan included the pole that was involved in this accident. The Appellant did not controvert this statement and establish by affidavit or expert testimony that the absence of a permit necessarily *115 creates an unsafe condition. The Appellant simply asserts that the absence of the permit indicates that the pole was either improperly installed or was installed in an unsafe location on the Appellee’s premises. This statement is a mere conclusory allegation and does not demonstrate with admissible evidence the existence of a dispute as to the effect of a lack of permit. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). Mere assertions of the existence of disputed facts without evidentiary support cannot defeat the summary judgment motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Appellant’s argument that the pole should have been equipped with safety devices such as reflectors also fails to establish a triable issue. The Appellant asserts that such reflectors would have alerted drivers to the presence of the pole near the drive-through window. As the Appellant testified in his deposition, the pole was “huge” and approximately “five feet” tall. The Appellant does not establish, either through affidavit or expert testimony, that the absence of the reflectors created a defective or dangerous condition. Appellee’s failure to place reflectors on the pole “did not create a risk of the species which was causally related to the result which occurred.” Young v. Atlantic Richfield Co., 400 Mass. 837, 842 (1987), cert. denied, 484 U.S. 1066 (1988).
Appellant’s characterization of the trial judge’s decision as arbitrary and unsustainable is without merit. As set forth above, the trial judge was correct in granting the Appellee’s motion for summary judgment.
Accordingly, for the reasons stated above, the Appellant’s appeal is dismissed.